UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRING MATHEWS, et al.,<br><br>　Plaintiffs,<br><br>　v.<br><br>CITY OF OAKLAND POLICE DEPARTMENT, et al.,<br><br>　Defendants. | Case No. 12-cv-03235-JCS<br><br>**ORDER STRIKING JOINT PROPOSED PRETRIAL ORDER**<br><br>Re: Dkt. No. 84 |

On November 19, 2013, the parties filed a Joint Proposed Pretrial Order ("Joint Proposed Order"). The Court strikes the Joint Proposed Order because it does not comply with the Court's Further Case Management and Pretrial Order (Jury) (Dkt. No. 17) ("Pretrial Order").

First, Plaintiffs have not submitted any lists of exhibits or witnesses. *See* Joint Proposed Order at 4, 5. Exhibits and witnesses not listed by a party in a joint proposed final pretrial order may not be used in that party's case-in-chief. Pretrial Order ¶ V.C. Based on the Joint Proposed Order, Plaintiffs would not be able to present any exhibits or witnesses in their case-in-chief.

Second, Plaintiffs cite claims in the Joint Proposed Order that have been dismissed by the Court. For example, Plaintiffs claim that Oakland Police Officer Richard McNeely "participated in a conspiracy to cover up his wrongful acts." Joint Proposed Order at 2. This alludes to claims that have already been disallowed by the Court. *See* Order Granting in Part and Den. in Part Defs.' Mot. for Summ. J. at 25–27 (disallowing claim that City of Oakland "has an unconstitutional policy designed to insulate and protect their officers who are involved in shootings and promulgate a false rendition of events and inhibit free speech and inquiry"), 36 (disallowing claim that City of Oakland "caused a cover-up of the incident").

Third, Defendants' list of witnesses is not in compliance with the Pretrial Order's

requirements regarding anticipated testimony of witnesses. Specifically, the Court requires that for each witness, the propounding party provides "a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer." Pretrial Order ¶ V.A.1. Further, "[i]f non-cumulative testimony is not spelled out, the Court will presume the witness is cumulative." *Id.* Defendants' scant descriptions of anticipated testimony are not sufficient. *See* Joint Proposed Order App. F.

Accordingly, the Joint Proposed Order is stricken. The parties are ordered to file a new joint proposed final pretrial order that addresses the deficiencies identified above and complies with the Pretrial Order by November 22, 2013 at 12:00 p.m.

**IT IS SO ORDERED**.

Dated: November 20, 2013

JOSEPH C. SPERO
United States Magistrate Judge