UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPRING MATHEWS, et al.,

          Plaintiffs,

     v.

CITY OF OAKLAND POLICE
DEPARTMENT, et al.,

          Defendants.

Case No. 12-cv-03235-JCS

**COURT'S PROPOSED JURY
INSTRUCTIONS**

From discussion with the parties in pretrial conferences, it appears the parties may be prepared to make the following stipulations:

1.     The City of Oakland is responsible for any damages award on any cause of action against Defendant Richard McNeely, with the exception of any award for punitive damages;

2.     Claims of the Estate of Martin Flenaugh II will be limited to the 1983 claim for excessive force on the basis that the standards and recovery under the state claims are duplicative;

3.     The only claim brought by Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh is a claim for wrongful death based on negligence.

The Court has prepared a separately-filed set of proposed jury instructions assuming the parties so stipulate.  If the parties do not so stipulate, the Court's proposed jury instructions are attached here.

Dated: August 1, 2014

JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

United States District Court
Northern District of California

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

On January 26, 2011, Martin Flenaugh II was shot and killed by City of Oakland Police Officer Richard McNeely following a high-speed car chase. The plaintiffs are the estate of Martin Flenaugh II, the parents of Martin Flenaugh II (Spring Mathews and Martin Flenaugh Sr.), and the son of Martin Flenaugh II (Kamarty Deandre Flenaugh). The plaintiffs bring five claims against Richard McNeely and the City of Oakland.

First, the estate of Martin Flenaugh II asserts that when Richard McNeely shot Martin Flenaugh II, Richard McNeely used excessive force, which violated Martin Flenaugh II's rights under the Fourth Amendment of the U.S. Constitution.

Second, the estate of Martin Flenaugh II asserts that when Richard McNeely shot Martin Flenaugh II, Richard McNeely used violence that deprived Martin Flenaugh II of his right to be free of excessive force, which violated the Bane Act (Cal. Civ. Code § 52.1).  This claim is brought against Richard McNeely and, vicariously, against the City of Oakland.

Third, the estate of Martin Flenaugh II asserts that when Richard McNeely shot Martin Flenaugh II, Richard McNeely committed battery against Martin Flenaugh II.  This claim is brought against Richard McNeely and, vicariously, against the City of Oakland.

Fourth, the estate of Martin Flenaugh II asserts that when Richard McNeely shot Martin Flenaugh II, Richard McNeely was negligent.  This claim is brought against Richard McNeely and, vicariously, against the City of Oakland.

Fifth, Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh assert that when Richard McNeely shot Martin Flenaugh II, Richard McNeely negligently caused the wrongful death of Martin Flenaugh II. The wrongful death claims are brought against Richard McNeely and, vicariously, the City of Oakland.

Defendants oppose all of these claims, arguing that Richard McNeely's use of force was objectively reasonable under the circumstances.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

4

**JURY INSTRUCTION NO. 4**

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 5

### TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

# JURY INSTRUCTION NO. 6

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the parties have agreed.

# JURY INSTRUCTION NO. 7

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 8

## EVIDENCE FOR LIMITED PURPOSE

Some evidence was admitted for a limited purpose only.  In particular, you heard recorded audio of the witness Jereme Brown on the phone.  At the time you heard this recorded audio, I instructed you that the recorded audio was admitted for the limited purpose of assessing Mr. Brown's credibility as a witness. You may consider the recorded audio only for that limited purpose and for no other.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 9

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 10**

**RULING ON OBJECTIONS**

As I instructed you at the outset of the case, there are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been. Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 11**

**CREDIBILITY OF WITNESS**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness has said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. 12**

**FAILURE TO EXPLAIN OR DENY EVIDENCE**

If a party failed to explain or deny evidence against him/her/it when he/she/it could reasonably be expected to have done so based on what he/she/it knew, you may consider his/her/its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 13

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 14

### USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 15**

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 16**

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

**First Claim:** The estate of Martin Flenaugh II brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 17**

**SECTION 1983 CLAIM—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on its § 1983 claim against Richard McNeely, the estate of Martin Flenaugh II must prove each of the following elements by a preponderance of the evidence:

1.  Richard McNeely acted under color of law; and

2.  the act of Richard McNeely deprived Martin Flenaugh II of his particular rights under the Fourth Amendment of the Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties agree, and I instruct you to conclude, that Richard McNeely acted under color of law in relation to his interaction with Martin Flenaugh II.

If you find the estate of Martin Flenaugh II has proved that the act of Richard McNeely deprived Martin Flenaugh II of his particular rights under the Fourth Amendment of the Constitution, your verdict on this claim should be for the estate of Martin Flenaugh II. If, on the other hand, the estate of Martin Flenaugh II has failed to prove that the act of Richard McNeely deprived Martin Flenaugh II of his particular rights under the Fourth Amendment of the Constitution, your verdict should be for Richard McNeely.

**JURY INSTRUCTION NO. 18**

**FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—GENERALLY**

As previously explained, the estate of Martin Flenaugh II has the burden to prove that the act of Richard McNeely deprived Martin Flenaugh II of particular rights under the United States Constitution. In this case, the estate alleges that Richard McNeely deprived Martin Flenaugh II of his rights under the Fourth Amendment to the Constitution when Richard McNeely used lethal force against Martin Flenaugh II.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove that Richard McNeely deprived Martin Flenaugh II of this Fourth Amendment right, the plaintiffs must prove the following additional elements by a preponderance of the evidence:

1. Richard McNeely seized Martin Flenaugh II's person;

2. in seizing Martin Flenaugh II's person, Richard McNeely acted intentionally; and

3. the seizure was unreasonable.

The parties agree, and I instruct you to conclude, that Richard McNeely intentionally seized Martin Flenaugh's person by shooting him, so it is your job to determine whether Martin Flenaugh's actions were unreasonable.

United States District Court
Northern District of California

19

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 19**

**FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself. Thus, in order to prove an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that Richard McNeely used excessive force when he used lethal force against Martin Flenaugh II.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether Richard McNeely used excessive force in this case, consider all of the circumstances known to Richard McNeely on the scene, including:

1. The severity of the crime or other circumstances to which Richard McNeely was responding;

2. Whether Martin Flenaugh II posed an immediate threat to the safety of Richard McNeely or to others;

3. Whether Martin Flenaugh II was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which Richard McNeely had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used; and

6. The availability of alternative methods to subdue Martin Flenaugh II.

1

**JURY INSTRUCTION NO. 20**

2

**SECTION 1983—CAUSATION**

3

     In order to establish that the act of Richard McNeely deprived Martin Flenaugh II of his

4

Fourth Amendment rights under the United States Constitution as explained in the prior

5

instructions, the plaintiffs must prove by a preponderance of the evidence that Richard McNeely's

6

act was so closely related to the deprivation of Martin Flenaugh II's rights as to be the moving

7

force that caused the ultimate injury.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 21**

**BANE ACT (CIV. CODE, § 52.1)—ESSENTIAL FACTUAL ELEMENTS**

    **Second claim:** The estate of Martin Flenaugh II claims that Richard McNeely intentionally interfered with Martin Flenaugh II's civil rights by threats, intimidation, or coercion. To establish this claim, the estate of Martin Flenaugh II must prove all of the following by a preponderance of the evidence:

    1.  that Richard McNeely acted violently against Martin Flenaugh II to prevent him from exercising his right to be free from excessive force;

    2.  that Martin Flenaugh II was harmed; and

    3.  that Richard McNeely's conduct was a substantial factor in causing Martin Flenaugh II's harm.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 22**

**NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS**

**Third claim:** The estate of Martin Flenaugh II claims that Martin Flenaugh II was harmed by Richard McNeely's negligence. To establish this claim, plaintiffs must prove all of the following by a preponderance of the evidence :

    1.   that Richard McNeely was negligent;

    2.   that Martin Flenaugh II was harmed; and

    3.   that Richard McNeely's negligence was a substantial factor in causing Martin Flenaugh II's harm.

**JURY INSTRUCTION NO. 23**

**STANDARD OF CARE**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. Here, you must determine whether Richard McNeely used reasonable care in deciding to and in fact using lethal force against Martin Flenaugh, II.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Richard McNeely's situation. In doing so, you may consider the same factors set forth in Instruction No. 19 regarding whether Richard McNeely's act was "objectively reasonable" under the Fourth Amendment of the U.S. Constitution.

**JURY INSTRUCTION NO. 24**

**CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

# JURY INSTRUCTION NO. 25

## BATTERY BY PEACE OFFICER

**Fourth claim:** The estate of Martin Flenaugh II claims that Richard McNeely harmed Martin Flenaugh II by using unreasonable force to arrest Martin Flenaugh II or prevent his escape. To establish this claim, the estate of Martin Flenaugh II must prove all of the following by a preponderance of the evidence:

1. that Richard McNeely intentionally touched Martin Flenaugh II;

2. that Richard McNeely used unreasonable force to arrest Martin Flenaugh II or prevent his escape;

3. that Martin Flenaugh II did not consent to the use of that force;

4. that Martin Flenaugh II was harmed; and

5. that Richard McNeely's use of unreasonable force was a substantial factor in causing Martin Flenaugh II's harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Richard McNeely used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Richard McNeely's position under the same or similar circumstances. You should consider, among other factors, the following:

1. the seriousness of the crime at issue;

2. whether Martin Flenaugh II reasonably appeared to pose an immediate threat to the safety of Richard McNeely or others; and

3. whether Martin Flenaugh II was actively resisting arrest or attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

**JURY INSTRUCTION NO. 26**

**WRONGFUL DEATH BASED ON NEGLIGENCE**

**Fifth claim:** Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh claim that Richard McNeely wrongfully caused Martin Flenaugh II's death through negligence.

Under California law, a person may recover damages for the death of a family member caused by the neglect of another.  The essential elements of the claim are:

1.  The defendant acted negligently.

2.  Defendant's negligence was a cause of injury, damage, loss or harm to Martin Flenaugh II.

If you find for the Estate of Martin Flenaugh II on Claims One (Excessive Force), Two (Bane Act), Three (Negligence), or Four (Battery), you must find that Richard McNeely wrongfully caused Martin Flenaugh's death through negligence.

**JURY INSTRUCTION NO. 27**

**VICARIOUS LIABILITY—INTRODUCTION**

A municipality is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.  The plaintiffs claim that the City of Oakland is responsible for the unlawful conduct of Richard McNeely in claims Two (Bane Act), Three (Negligence), Four (Battery), and Five (Wrongful death).

**JURY INSTRUCTION NO. 28**

**TORT LIABILITY ASSERTED AGAINST PRINCIPAL—ESSENTIAL FACTUAL ELEMENTS**

If you find for plaintiffs on claims Two (Bane Act), Three (Negligence), Four (Battery), and Five (Wrongful death), you must decide whether the City of Oakland is responsible for the harm. The City of Oakland is responsible if the plaintiffs prove both of the following:

1.  that Richard McNeely was the City of Oakland's employee; and
2.  that Richard McNeely was acting within the scope of his employment when he harmed Martin Flenaugh II.

United States District Court
Northern District of California

29

**JURY INSTRUCTION NO. 29**

**LEGAL RELATIONSHIP NOT DISPUTED**

In this case, the parties stipulate that Richard McNeely was the employee of the City of Oakland and that he was acting within the course of his employment.

Thus, if you find Richard McNeely is liable on Claims Two (Bane Act), Three (Negligence), Four (Battery), or Five (Wrongful Death), then you must find that City of Oakland is also liable for the same claim or claims as Richard McNeely.

**JURY INSTRUCTION NO. 30**

**SCOPE OF EMPLOYMENT—PEACE OFFICER'S MISUSE OF AUTHORITY**

The conduct of a peace officer is within the scope of employment as a peace officer if all of the following are true:

1.  the conduct occurs while the peace officer is on duty as a peace officer;

2.  the conduct occurs while the peace officer is exercising his authority as a peace officer; and

3.  the conduct results from the use of his authority as a peace officer.  In this case, the parties stipulate that Richard McNeely was acting within the scope of his employment as a peace officer for the City of Oakland when the incident occurred.

**JURY INSTRUCTION NO. 31**

**DAMAGES—GENERALLY**

If you decide that any of the plaintiffs have proved any of their claims against Richard McNeely for the death of Martin Flenaugh II, you also must decide how much money will reasonably and fairly compensate the plaintiffs for the harm you find was caused by Richard McNeely. This compensation is called "damages."

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. The plaintiffs have the burden of proving damages by a preponderance of the evidence. However, the plaintiffs do not have to prove the exact amount of the harm or the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

Your damages awards will be governed by the basis for the award. The bases for the damages awards are explained in the instructions below.

1

2

**JURY INSTRUCTION NO. 32**

**DAMAGES ON MULTIPLE LEGAL THEORIES**

3

4

5

The estate of Martin Flenaugh II seeks damages from Richard McNeely and the City of Oakland under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

6

7

8

Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh seek damages from Richard McNeely and the City of Oakland under a legal theory.  Each item of damages for harm they each suffered may be awarded only once, regardless of the number of legal theories alleged.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 33**

**DAMAGES—FOURTH AMENDMENT CLAIM (ESTATE)**

If you find for the estate of Martin Flenaugh II on its Fourth Amendment claim, then the estate of Martin Flenaugh II can recover damages for any injury sustained by Martin Flenaugh II before his death. In evaluating these damages, you can consider the nature and extent of the injuries suffered by Martin Flenaugh II prior to his death, including any physical or emotional pain and suffering, caused by Richard McNeely's shooting of Martin Flenaugh II.

It is for you to decide what damages, if any, have been proved. No fixed standard exists for deciding the amount of non-economic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

**JURY INSTRUCTION NO. 34**

**DAMAGES—BANE ACT (CAL. CIV. CODE § 52.1) CLAIM (ESTATE)**

If you find for the estate of Martin Flenaugh II on its Bane Act claim, then you must award

actual damages sufficient to reasonably compensate the estate of Martin Flenaugh II for the harm.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 35**

**DAMAGES—NEGLIGENCE CLAIMS (ESTATE)**

If you find for the estate of Martin Flenaugh II on the negligence claim, then you must decide how much money will reasonably compensate the estate of Martin Flenaugh II for the harm caused by Richard McNeely's negligence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 36**

**DAMAGES—BATTERY CLAIM (ESTATE)**

If you find for the estate of Martin Flenaugh II on the battery claim, then you must decide how much money will reasonably compensate the estate of Martin Flenaugh II for the harm caused by Richard McNeely's battery.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 37

## DAMAGES—NEGLIGENCE/WRONGFUL DEATH CLAIM (SURVIVORS)

If you find for Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh on their negligence/wrongful death claims, then you must decide how much money will reasonably compensate Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh for the wrongful death of Martin Flenaugh II.

The damages claimed by Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh fall into two categories called economic damages and non-economic damages. You will be asked to state the two categories of damages separately on the verdict form.

Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh claim the following economic damages:

1.  The financial support, if any, that Martin Flenaugh II would have contributed to Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh during either the life expectancy that Martin Flenaugh II had before his death or the life expectancies of Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh, whichever is shorter;

2.  The loss of gifts or benefits that Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh would have expected to receive from Martin Flenaugh II;

3.  Funeral and burial expenses; and

4.  The reasonable value of household services that Martin Flenaugh II would have provided.

Your award of any future economic damages must be reduced to present cash value.

Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh also claim the following non-economic damages:

1.  The loss of Martin Flenaugh II's love, companionship, comfort, care, assistance, protection, affection, society, moral support; and

2.  The loss of Martin Flenaugh II's training and guidance.

No fixed standard exists for deciding the amount of noneconomic damages. You must use

38

your judgment to decide a reasonable amount based on the evidence and your common sense. Your award for noneconomic damages should not be reduced to present cash value.

In determining Spring Mathews, Martin Flenaugh Sr., and Kamarty Flenaugh loss, do not consider:

1. Spring Mathews', Martin Flenaugh Sr.'s, and Kamarty Flenaugh's grief, sorrow, or mental anguish;

2. Martin Flenaugh II's pain and suffering; or

3. the poverty or wealth of Spring Mathews, Martin Flenaugh Sr., or Kamarty Flenaugh.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 38**

**PUNITIVE DAMAGES—INDIVIDUAL DEFENDANT**

If you decide that Richard McNeely's conduct caused the plaintiffs harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiffs and to discourage similar conduct in the future.

You may award punitive damages only if the plaintiffs prove by clear and convincing evidence that Richard McNeely engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Richard McNeely acted with intent to cause injury or that Richard McNeely's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Richard McNeely's conduct was despicable and subjected the plaintiffs to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Richard McNeely intentionally misrepresented or concealed a material fact and did so intending to harm the plaintiffs.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

1. How reprehensible was Richard McNeely's conduct?

2. Is there a reasonable relationship between the amount of punitive damages and the plaintiffs' harm?

3. In view of Richard McNeely's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Richard McNeely has

40

substantial financial resources. Any award you impose may not exceed Richard McNeely ability to pay.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 39**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 40**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, Ms. Karen Hom, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 41**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.